**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JOYCE KUBICKI, JOYCE KUBICKI**

    **Plaintiffs,**

             **CASE NO. 10-10722**
**v.**           **HONORABLE DENISE PAGE HOOD**

**UNITED STATES OF AMERICA,**
**UNITED STATES,**

    **Defendants.**
_____/

## I.  INTRODUCTION

   This matter is before the Court on Defendant's Motion to Dismiss [Docket No. 3, filed on February 24, 2010]. Plaintiff filed a response to the motion on March 2, 2010 [Docket No. 6], to which Defendant filed a reply [Docket No. 7, filed on March 8, 2010]. Also before the Court is Plaintiff's Motion for Remand [Docket No. 9, filed on March 8, 2010], and Plaintiff's First Rule 11 Motion to Strike [Docket No. 8, filed on March 8, 2010]. Defendants filed responses to both motions on March 11, 2010 [Docket Nos. 11 and 12]. Plaintiff filed a reply to Defendant's response to her Motion to Strike on March 17, 2010 [Docket No. 13]. To date, no reply has been filed to Defendant's response to Plaintiff's Motion to Remand. Also before the Court is Plaintiff's Motion for a Temporary Injunction [Docket No. 18, filed on June 17, 2010]. To date, no response has been filed.

## II.  STATEMENT OF FACTS

   Plaintiff initially filed her Complaint in the Oakland County Circuit Court. On February

22, 2010, this case was removed to federal court pursuant to 28 U.S.C. § 1442. Plaintiff's

Complaint appears to challenge a ninety-day letter and Notice of Deficiency she received from

the Internal Revenue Service (IRS), indicating that she owed $6,771 from tax year 2005.

Plaintiff seeks a declaration stating that she does not owe money to the IRS, as well as a

permanent injunction precluding the assertion of income tax claims against her, "unless and until

they intend to prove up a relevant, enforceable, written trust agreement." Complaint, at 13.

III.     APPLICABLE LAW & ANALYSIS

    A.     **Defendant's Motion to Dismiss**

Defendant seeks dismissal of Plaintiff's Complaint for failure to state a claim upon which

relief can be granted (Fed. R. Civ. P. 12(b)(6)), for lack of subject matter jurisdiction (Fed. R.

Civ. P. 12(b)(1)), and for insufficient service of process (Fed. R. Civ. P. 12(b)(5)).

    1.     **Failure to State a Claim upon which Relief can be Granted**

Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss for failure to

state a claim upon which relief can be granted. This type of motion tests the legal sufficiency of

the plaintiff's Complaint. Davey v. Tomlinson, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). A

court takes the factual allegations in the Complaint as true when evaluating the propriety of

dismissal under Fed. R. Civ. P. 12(b)(6). Ziegler v. IBP Hog Market, Inc., 249 F.3d 509,512

(6th Cir. 2001); Hoeberling v. Nolan, 49 F. Supp.2d 575, 577 (E.D. Mich. 1999). The court

construes the complaint in the light most favorable to the plaintiff, and determines whether it is

beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would

entitle him to relief. Varljen v. Cleveland Gear Co., Inc., 250 F.3d 426, 429 (6th Cir. 2001).

Defendant argues that Plaintiff has failed to state a cause of action. Plaintiff appears to

challenge the collection of income tax from her.  26 U.S.C. § 7433 provides a cause of action for

improper tax collection.  This statute provides that:

> If, in connection with any collection of Federal tax with respect to a tax
> payer, any officer or employee of the Internal Revenue Service recklessly
> or intentionally, or by reason of negligence disregards any provision of this
> title, or any regulation promulgated under this title, such taxpayer may bring
> a civil action for damages against the United States in a district court of the
> United States.  Except as provided in section 7432, such civil action shall
> be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a).  However, the Internal Revenue Code imposes a requirement that taxpayers

exhaust all available administrative remedies with the IRS prior to filing such an action.  Plaintiff

makes no argument that she has ever pursued or exhausted any administrative remedies.  Therefore,

Plaintiff may not pursue a civil claim *at this time*, and her Complaint is properly dismissed.

### 2.  Lack of Subject Matter Jurisdiction and Failure to State a Claim upon which Relief can be Granted.

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action over which

it lacks jurisdiction.  To the extent Plaintiff argues claims other than improper tax assessment,

Defendant argues that this Court does not have jurisdiction because, under the doctrine of

sovereign immunity, the United States must consent to be sued.  "The general rule is that a suit is

against the sovereign if the judgment sought would expend itself on the public treasury or

domain, or interfere with the public administration, or if the effect of the judgment would be to

restrain the Government from acting, or to compel it to act."  *Dugan v. Rank*, 372 U.S. 609, 620

(1963) (internal citations omitted).  *See, e.g., Department of the Army v. Blue Fox, Inc.*, 525

U.S. 255, 261 (1999).  Such consent will not be implied, but must be "unequivocally expressed."

*Id.*

Plaintiff argues that Defendant has no immunity, because the United States has identified itself as a federal corporation for purposes of tax collection activity. To support this proposition, Plaintiff cites 28 U.S.C. § 3002(15). This section, however, does not define the United States as a federal corporation for purposes of tax collection. Instead, it merely provides the definition of "United States" for purposes of the statute as "a Federal corporation; an agency department, commission, board, or other entity of the United States; or an instrumentality of the United States." 28 U.S.C. § 3002(15). Further, Plaintiff provides no evidence that the United States has consented to suit, waiving immunity in this case. "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction to survive the motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). On this basis, the Defendant's Motion to Dismiss must be granted.

### 3. Insufficient Service of Process

The United States argues that dismissal is also proper under Rule 12(b)(5), because Plaintiff did not comply with Fed. R. Civ. P. 4(i). Pursuant to Rule 4(i), to serve the United States, Plaintiff must serve a copy of the Complaint on the United States Attorney's Office for the district where the action is brought, the United States Attorney General, and the agency whose action is challenged (in this case, the IRS). Although the United States Attorney for the Eastern District of Michigan was served, neither the Attorney General nor the IRS was served in this matter. Plaintiff provides no response to Defendant's argument. Because Plaintiff failed to comply with Rule 4(i), Defendant's Motion to Dismiss must be granted.

### B. Plaintiff's Motion to Strike

Plaintiff moves to strike Defendant's Notice of Removal due to a lack of authorized

signature.  Plaintiff cites Fed. R. Civ. P. 11(a), which states

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name– or by a party personally if the party is unrepresented.  The paper must state the signer's address, e-mail address, and telephone number.  Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit.  The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Plaintiff argues that Assistant United States Attorney Theresa Urbanic has no signature authority for the United States of America.  This is incorrect.  Pursuant to 28 U.S.C. § 547(b), the United States Attorney has the authority to "appear in behalf of the defendants in all civil actions, suits or proceedings pending in his district against collectors, or other officers of the revenue or customs for any act done by them or for the recovery of any money exacted by or paid to these officers, and by them paid into the Treasury."  Under 28 U.S.C. § 542, the United States Attorney is authorized to appoint Assistant United States Attorneys as required by the public interest.  Appendix ECF to the Local Rules of the United States Court for the Eastern District of Michigan states "[t]he user login and password serve as the filing user's signature on all papers filed electronically with the court.  They serve as a signature for purposes of Fed. R. Civ. P. 11, all other federal rules (civil and criminal), the local rules, and for any other purpose for which a signature is required in connection with proceedings before the Court."  R9(a).  The Notice of Removal in this matter was properly signed by Assistant United States Attorney Theresa Urbanic.  Plaintiff's Motion to Strike must be denied.

## C.    Plaintiff's Motion for Remand

Plaintiff argues that this matter has been improperly removed to federal court.  Pursuant to 28 U.S.C. § 1340, federal district courts have "original jurisdiction of any civil action arising

5

under any act of Congress providing for internal revenue. . . ." As Defendant contends, district courts have original jurisdiction over claims arising under the laws of the United States and claims against the United States as a defendant in actions challenging internal revenue collection. *See* 28 U.S.C. §§ 1331 and 1346(a)(1). Further, Plaintiff's claim is against the United States for governmental conduct. Therefore, removal was proper under 28 U.S.C. §§ 1441 and 1442, and Plaintiff's Motion for Remand must be denied.

**D.    Plaintiff's Motion for a Temporary Injunction**

Plaintiff's Motion for a Temporary Injunction [Docket No. 18, filed on June 17, 2010] is deemed moot, as this case is dismissed without prejudice. The hearing date of August 4, 2010 is cancelled.

**IV.    CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion to Dismiss [Docket No. 3, filed on February 24, 2010] is **GRANTED** and this case is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Remand [Docket No. 9, filed on March 8, 2010] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's First Rule 11 Motion to Strike [Docket No. 8, filed on March 8, 2010] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Temporary Injunction [Docket No. 18, filed on June 17, 2010] is deemed **MOOT**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: June 28, 2010

I hereby certify that a copy of the foregoing document was served upon Joyce Kubicki, P. O. Box 587, Birmingham, MI 48012 and counsel of record on June 28, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager